Glen Kulik, Esq. (SBN 82170) (gkulik@kgmslaw.com)
Alisa S. Edelson (SBN 216269) (aedelson@kgmslaw.com)
**KULIK, GOTTESMAN, MOUTON & SIEGEL, LLP**
15303 Ventura Boulevard, Suite 1400
Sherman Oaks, California 91403
Telephone: (310) 557-9200; (818) 817-3600
Facsimile: (310) 557-0224

Attorneys for Plaintiff,
PAULA PETRELLA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

CV09-0072 FMO

| | |
|---|---|
| PAULA PETRELLA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>METRO-GOLDWYN-MAYER, INC., a corporation; METRO-GOLDWYN-MAYER STUDIOS, INC., a corporation; METRO-GOLDWYN-MAYER HOME ENTERTAINMENT, LLC, a limited liability company; METRO-GOLDWYN-MAYER HOME ENTERTAINMENT DISTRIBUTION CORPORATION, a corporation; UNITED ARTISTS CORPORATION, a corporation; 20TH CENTURY FOX HOME ENTERTAINMENT, LLC, a limited liability company; and DOES 1 THROUGH 10, inclusive,<br><br>Defendants. | CASE NO.<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>[DEMAND FOR JURY TRIAL] |

1
**COMPLAINT**

Plaintiff alleges:

1. This is a civil action for damages and injunctive relief in which it is alleged Defendants have committed, and continue to commit, copyright infringement in connection with their unauthorized exploitation of a motion picture entitled "Raging Bull," which is derived from Plaintiff's copyrighted screenplays and book of the same name.

**JURISDICTION AND VENUE**

2. This action arises under Section 501 of the Copyright Act, 17 U.S.C., § 501. The Court has jurisdiction over the subject matter of this action pursuant to 17 U.S.C. § 501 and 28 U.S.C. §§ 1331, 1332 and 1338(a).

3. Defendants, and each of them, are subject to the personal jurisdiction of this Court in that each Defendant has done substantial and continued business, and continues to do substantial and continuous business in the state of California and has invoked the rights, benefits and privileges of California law.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c).

**THE PARTIES**

5. Plaintiff Paula Petrella is an individual residing in the County of Los Angeles, State of California. She is the present owner of the copyrighted written works which are the subject of this action.

6. Defendant Metro-Goldwyn-Mayer, Inc. ("MGM") is a Delaware corporation with its principal place of business located in the County of Los Angeles, State of California.

7. Defendant Metro-Goldwyn-Mayer Studios, Inc. ("MGM Studios") is a Delaware corporation with its principal place of business located in the County of Los Angeles, State of California.

8. Defendant Metro-Goldwyn-Mayer Home Entertainment, LLC ("MGM Home") is a Delaware limited liability company with its principal place of business located in the County of Los Angeles, State of California. Upon information and

belief, Plaintiff alleges MGM Home is a wholly owned subsidiary of MGM or MGM Studios that distributes motion pictures released on VHS cassettes, DVDs, laser discs and/or Blu-ray discs.

9. Defendant Metro-Goldwyn-Mayer Home Entertainment Distribution Corporation ("MGM Distribution") is a Delaware limited liability company with its principal place of business located in the County of Los Angeles, State of California. Upon information and belief, Plaintiff alleges MGM Distribution is a wholly owned subsidiary of MGM or MGM Studios that distributes motion pictures released on VHS cassettes, DVDs, laser discs and/or Blu-ray discs.

10. Defendant United Artists Corporation ("UA") is a Delaware corporation with its principal place of business located in the County of Los Angeles, State of California. Upon information and belief, Plaintiff alleges UA is a wholly owned subsidiary of MGM or MGM Studios.

11. Defendant 20th Century Fox Home Entertainment LLC ("Fox") is a Delaware corporation with its principal place of business located in the County of Los Angeles, State of California. Upon information and belief, Plaintiff alleges Fox distributes and/or assists MGM Home and/or MGM Distribution in the distribution of motion pictures released on VHS cassettes, DVDs, laser discs and/or Blu-ray discs.

12. The true names and capacities, whether individual, corporate, or otherwise, of Defendants sued as Does 1 through 10 are unknown to Plaintiff, who, therefore, sue them by such fictitious names. At such time as their true names and capacities have been ascertained, Plaintiff will seek leave of the Court to amend this Complaint accordingly. In information and belief, Plaintiff alleges that each of Does 1 through 10 are liable to Plaintiff in connection with one or more claims sued upon here and are responsible in some manner for the wrongful acts and conduct alleged here.

13.  At all times mentioned in this Complaint each Defendant was the agent, servant, and employee of each other Defendant, acting within the course and scope of his, her or its agency, partnership and/or employment with the other, and with full knowledge, consent and ratification of each other Defendant.

## GENERAL ALLEGATIONS

**Plaintiff's Copyrighted Works: "The Raging Bull" Screenplays and Book.**

14.  Frank Salvatore Petrella ("Frank Petrella") and Jake LaMotta ("LaMotta") were childhood friends who grew up together in the Bronx, New York. They remained close friends until Frank Petrella passed away in 1981.

15.  In or about 1963, Frank Petrella, under the pseudonym "Frank Peter Petrella," wrote a screenplay about LaMotta's life as a champion boxer and the friendship between Frank Petrella and LaMotta entitled "The Raging Bull, Jake LaMotta; or The Ice Pick and The Glove" ("1963 Screenplay").

16.  Frank Petrella registered a copyright in and to the 1963 Screenplay in the name of "Frank Peter Petrella" with the United States Copyright Office on October 9, 1963.

17.  In or about 1970, Frank Petrella, under the pseudonym "Peter Savage," along with Jake LaMotta ("LaMotta") and Joseph Carter ("Carter"), wrote a book entitled "Raging Bull: My Story" (the "Book").

18.  A copyright in and to the Book was registered in or about July 1970.

19.  In or about 1973, Frank Petrella, under the pseudonym "Emmett Clary," wrote a second screenplay entitled "The Raging Bull" ("1973 Screenplay").

20.  Frank Petrella registered a copyright in and to the 1973 Screenplay under the name "Frank Peter Petrella a/k/a Peter Savage" in or about July 1973.

**Assignment of Plaintiff's Copyrighted Works and Release of Motion Picture**

21.  Pursuant to a written agreement dated November 19, 1976 ("Agreement"), Frank Petrella assigned his right, title and interest in the 1963 Screenplay, the 1973 Screenplay, and the Book to Chartoff-Winkler Productions,

Inc. ("CWP"). Pursuant to the Agreement, LaMotta also assigned his rights, title and interest in the Book to CWP.

22. LaMotta and Frank Petrella entered into the Agreement with CWP for purposes of developing a motion picture based on these copyrighted works starring Robert Deniro and directed by Martin Scorsese.

23. On or about October 15, 1977, Frank Petrella entered into a second written agreement with CWP whereby Frank Petrella agreed to provide services in connection with development of a film which was to include assisting Robert DeNiro in training to be a fighter for the motion picture and providing production services. Frank Petrella ultimately provided such services and was credited as a producer of the motion picture "Raging Bull."

24. Upon information and belief, Plaintiff alleges UA acquired the motion picture rights to "Raging Bull" pursuant to a written assignment whereby CWP assigned all of its rights, interest and title to the 1963 Screenplay, 1973 Screenplay, and the Book to UA sometime in or about September 1978.

25. In or about September 1980, UA registered a copyright in and to the motion picture entitled "Raging Bull" ("Motion Picture").

26. In or about November 1980, UA released in theaters the Motion Picture starring Robert DeNiro and directed by Martin Scorsese. The Motion Picture is based on the 1963 Screenplay, 1973 Screenplay, and the Book and as such is a derivative work pursuant to 17 U.S.C. § 106.

27. The Motion Picture was nominated for eight Academy Awards and won two Academy Awards for best actor and best film editing. It is frequently acknowledged by film societies and critics as one of the greatest films ever produced.

**Reversion of Rights in Plaintiff's Copyrighted Works to Frank Petrella's Heirs**

28. Frank Petrella died in December 1981 during the original term of the copyrights for the 1963 Screenplay, 1973 Screenplay, and the Book. At the time of

his death, Frank Petrella was survived by his wife Eleanor Petrella, his son Peter E. Petrella, and his daughter Paula Petrella (Plaintiff). Frank Petrella left his literary properties (including the 1963 Screenplay, 1973 Screenplay, and the Book) to his wife Eleanor Petrella and his children.

29. By virtue of the death of Frank Petrella during the original copyright periods of the 1963 Screenplay, 1973 Screenplay and the Book, the renewal rights in such written works were deemed to be owned by Frank Petrella's heirs under the holding of the United States Supreme Court in *Stewart v. Abend*, 495 U.S. 207 (1990). Under the holding of that case, when an author dies before a copyright renewal period arrives his successors are entitled to the renewal rights even though the author previously assigned such rights to another party. Thus, the copyrights in all three works were eventually renewed in the name of Frank Petrella's heirs including Plaintiff.

30. Eleanor Petrella died in January 2005. She left her estate including her interest in Frank Petrella's literary properties to Peter E. Petrella and Paula Petrella (Plaintiff), and the latter became administrator of her mother's estate.

31. Subsequently, Peter E. Petrella assigned to Plaintiff all of his right, title and interest (including the current copyrights) in and to the 1963 Screenplay, 1973 Screenplay, and the Book.

32. Plaintiff owns all rights, titles and interests in and to the 1963 Screenplay and the 1973 Screenplay as well as the Book subject to Jake LaMotta's interest as a joint author of the Book.

**Infringement of Plantiff's Copyrighted Works**

33. Beginning in or about 1993, Defendants released the Motion Picture for reproduction, marketing, distribution and sale in the form of laser discs. Upon information and belief, Plaintiff alleges Defendants continue to sell these laser discs as of this date.

34. Beginning in or about May 1996 and continuing to this date, Defendants released the Motion Picture for reproduction, marketing, distribution and sale in the form of VHS cassettes.

35. Beginning in or about January 2000 and continuing to this date, Defendants released the Motion Picture for reproduction, marketing, distribution and sale in the form of DVDs. Defendants have sold and distributed the Motion Picture as a single disc edition and two disc special edition set ("Special Edition DVDs") (collectively "DVDs"). The DVDs have also been sold as part of DVD box sets including but not limited to such box sets entitled "UA 90th Anniversary Prestige Collection," "The Martin Scorsese Film Collection," "Sports Gift Set," and "The Ultimate Sports Gift Set."

36. Defendants have made the Special Edition DVDs available for purchase on the website located at www.ragingbulldvd.com. MGM Studios owns the domain name "ragingbulldvd.com."

37. Upon information and belief, Plaintiff alleges Defendants have also marketed, produced, copied, released, and distributed the Motion Picture on VHS cassettes, DVDs, and laser discs for purchase in English and foreign languages in the United States and other countries including Canada.

38. Upon information and belief, Plaintiff alleges Defendants intend to release the Motion Picture on Blu-ray Disc for purchase beginning on or about February 10, 2009.

39. Defendants continue to license the Motion Picture to air on television from time to time and continue to exploit the Motion Picture in other ways all to their advantage and profit.

## CLAIM FOR RELIEF

### (Against all Defendants for Copyright Infringement)

40. Plaintiff realleges and incorporates by reference paragraphs 1 through 39 inclusive, as though fully set forth herein.

41. Plaintiff is the owner of all rights, titles, and interests, including the copyrights, in and to the 1963 Screenplay and the 1973 Screenplay as well as the Book subject to Jake LaMotta's divisible interest as a joint author.

42. Plaintiff has registered her ownership of the 1963 Screenplay, 1973 Screenplay, and the Book with the United States Copyright Office.

43. The Motion Picture is a derivative work of the 1963 Screenplay, 1973 Screenplay, and the Book.

44. Plaintiff has the exclusive right to prepare derivative works based upon the copyrighted works the 1963 Screenplay and 1973 Screenplay as well as the Book subject to Jake LaMotta's divisible interest as a joint author.

45. At no time has Plaintiff authorized Defendants, or any of them, to republish, create, release, distribute derivative works or otherwise exploit all or any portion of the 1963 Screenplay, 1973 Screenplay, and the Book subject to Jake LaMotta's divisible interest as a joint author in connection with the copying, sale and distribution of the VHS cassettes, DVDs, or Blu-ray discs or the licensing of the Motion Picture for airing on television and in other mediums.

46. Defendants' copying, use, modification, production, and distribution of elements of the 1963 Screenplay, 1973 Screenplay, and the Book subject to Jake LaMotta's divisible interest as a joint author, including without limitation, the plot, text, ideas, theme, expression of concepts contained therein and any and all derivatives thereof, constitutes a violation of 17 U.S.C. §§ 106 and 501.

47. Pursuant to Defendants' participation in the copying, use, modification, production, release, and/or distribution of the Motion Picture in the form of VHS cassettes, laser discs, DVDs, or Blu-ray discs, Defendants knowingly and willfully infringed and will continue to infringe Plaintiff's copyrights in the 1963 Screenplay, 1973 Screenplay, and the Book subject to Jake LaMotta's divisible interest as a joint author.

**COMPLAINT**

48. Plaintiff is entitled to recover from Defendants the damages sustained as a direct and proximate result of Defendants' acts of copyright infringement within the limitations period prescribed by law. Plaintiff is at present unable to ascertain the full extent of the monetary damage she has suffered by reason of Defendants' acts of copyright infringement, but Plaintiff is informed and believes, and on the basis of such information and belief alleges, that Plaintiff has sustained such damage in an amount exceeding $1,000,000.

49. Plaintiff is further entitled to recover from Defendants the gains, profits and advantages they have obtained as a result of Defendants' acts of copyright infringement. Plaintiff is at present unable to ascertain the full extent of the gains, profits and advantages Defendants have obtained by reason of their acts of copyright infringement, but Plaintiff is informed and believes, and on the basis of such information and belief alleges, that Defendants have obtained such gains, profits and advantages in an amount exceeding $1,000,000.

50. Plaintiff is also entitled to injunctive relief under the Copyright Act in order to restrain future acts of copyright infringement by Defendants.

WHEREFORE, Plaintiff prays for judgment as follows:

1. For Plaintiff's damages derived by Defendants from their copyright infringement believed to exceed $1,000,000 according to proof;
2. For attorneys' fees and costs pursuant to Section 505 of the Copyright Act of 1976, 17 U.S.C. § 505;
3. Prejudgment interest;
4. A cancellation of the copyright ownership in and to the Motion Picture by any Defendant;
5. A transfer of copyright ownership in and to Motion Picture to Plaintiff;
6. For interim and permanent injunctive relief restraining future violations of Plaintiff's copyrights; and

7. For such other and further relief as the Court deems just and appropriate.

Dated: January 5, 2009

KULIK, GOTTESMAN, MOUTON & SIEGEL, LLP

By: _____
Glen L. Kulik
Alisa S. Edelson
Attorneys for Plaintiff PAULA PETRELLA

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Paula Petrella hereby demands a trial by jury on all issues raised by the pleadings in this case.

Dated: January 5, 2009        KULIK, GOTTESMAN, MOUTON & SIEGEL, LLP

By: _____
Glen L. Kulik
Alisa S. Edelson
Attorneys for Plaintiff PAULA PETRELLA

11
**COMPLAINT**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Paula Petrella, an individual<br><br>PLAINTIFF(S)<br><br>v.<br><br>Metro-Goldwyn-Mayer, Inc., a corporation, et al.<br>[See Attachment 1 for all Defendants]<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV09-0072 FMO<br><br><br>SUMMONS |

TO: DEFENDANT(S): **[See Attachment 1 attached]**

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached [X] complaint [ ] _____ amended complaint [ ] counterclaim [ ] cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Kulik, Gottesman, Mouton & Siegel, LLP_ , whose address is _15303 Ventura Boulevard, Suite 1400, Sherman Oaks, CA 91403_ . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: JAN - 6 2009

By: _____
Deputy Clerk

(Seal of the Court)

[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].

CV-01A (12/07)     SUMMONS     CCD-1A

ORIGINAL

| SHORT TITLE: Petrella v. MGM, et al. | CASE NUMBER: |
|---|---|

Attachment 1

(Defendants)

METRO-GOLDWYN-MAYER, INC., a corporation; METRO-GOLDWYN-MAYER STUDIOS, INC., a corporation; METRO-GOLDWYN-MAYER HOME ENTERTAINMENT, LLC, a limited liability company; METRO-GOLDWYN-MAYER HOME ENTERTAINMENT DISTRIBUTION CORPORATION, a corporation; UNITED ARTISTS CORPORATION, a corporation; 20TH CENTURY FOX HOME ENTERTAINMENT, LLC, a limited liability company; and DOES 1 Thru 10, inclusive, dwyn

(Required for verified pleading) The items on this page stated on information and belief (specify item numbers, not line numbers):

This page may be used with any Judicial Council form or any other paper filed with this court.   Page____

Form Approved by the Judicial Council of California
MC-020 [New January 1, 1987]
Optional Form
**ADDITIONAL PAGE**
Attach to Judicial Council Form or Other Court Paper
Legal Solutions Plus
CRC 201, 501

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)<br>PAULA PETRELLA, an individual | **DEFENDANTS**<br>METRO-GOLDWYN MAYER, INC., a corporation, et al.<br>[See Attachment 1 entitled "Defendants" attached hereto.] |
| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br><br>Kulik, Gottesman, Mouton & Siegel LLP<br>15303 Ventura Boulevard, Suite 1400, Sherman Oaks, CA 91403<br>(310) 557-9200 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:  JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☒ No    ☐ **MONEY DEMANDED IN COMPLAINT:** $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☒ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | | ☐ 220 Foreclosure | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | | ☐ 230 Rent Lease & Ejectment | IMMIGRATION | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus- Alien Detainee | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | | ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | | |
| | | | ☐ 465 Other Immigration Actions | | |

CV09-0072

FOR OFFICE USE ONLY:   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

VIII(a). IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

VIII(b). RELATED CASES: Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE: (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County - Metro-Goldwyn-Mayer, Inc.; Metro-Goldwyn-Mayer Studios, Inc.; Metro-Goldwyn-Mayer Home Entertainment Distribution Corp., United Artists Corp.; 20th Century Fox Home Ent. | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date January 5, 2009

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

CV-71 (05/08)   CIVIL COVER SHEET   Page 2 of 2

| SHORT TITLE: Petrella v. MGM, et al. | CASE NUMBER: |
|---|---|

Attachment 1

(Defendants)

METRO-GOLDWYN-MAYER, INC., a corporation; METRO-GOLDWYN-MAYER STUDIOS, INC., a corporation; METRO-GOLDWYN-MAYER HOME ENTERTAINMENT, LLC, a limited liability company; METRO-GOLDWYN-MAYER HOME ENTERTAINMENT DISTRIBUTION CORPORATION, a corporation; UNITED ARTISTS CORPORATION, a corporation; 20TH CENTURY FOX HOME ENTERTAINMENT, LLC, a limited liability company; and DOES 1 THROUGH 20, inclusive,

dwyn

*(Required for verified pleading)* The items on this page stated on information and belief *(specify item numbers, not line numbers):*

This page may be used with any Judicial Council form or any other paper filed with this court.   Page____

Form Approved by the
Judicial Council of California
MC-020 (New January 1, 1987)
Optional Form

**ADDITIONAL PAGE**
Attach to Judicial Council Form or Other Court Paper

Legal Solutions Plus

CRC 201, 501