1  Glen Kulik, Esq. (SBN 82170) (gkulik@kgmslaw.com)
   Alisa S. Edelson (SBN 216269) (aedelson@kgmslaw.com)
2  **KULIK, GOTTESMAN, MOUTON & SIEGEL, LLP**
   15303 Ventura Boulevard, Suite 1400
3  Sherman Oaks, California 91403
   Telephone: (310) 557-9200; (818) 817-3600
4  Facsimile: (310) 557-0224

5  Attorneys for Plaintiff

6  DAVID GROSSMAN (SBN 211326)
   dgrossman@loeb.com
7  **LOEB & LOEB LLP**
   10100 Santa Monica Boulevard, Suite 2200
8  Los Angeles, California 90067-4120
   Telephone: 310-282-2000
9  Facsimile: 310-282-2200

10 Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAULA PETRELLA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>METRO-GOLDWYN-MAYER, INC., a corporation; METRO-GOLDWYN-MAYER STUDIOS, INC., a corporation; METRO-GOLDWYN-MAYER HOME ENTERTAINMENT, LLC, a limited liability company; METRO-GOLDWYN-MAYER HOME ENTERTAINMENT DISTRIBUTION CORPORATION, a corporation; UNITED ARTISTS CORPORATION, a corporation; 20TH CENTURY FOX HOME ENTERTAINMENT, LLC, a limited liability company; and DOES 1 THROUGH 10, inclusive,<br><br>Defendants. | Case No. CV 09-0072 GW (MANx)<br><br>**JOINT RULE 26(F) REPORT**<br><br>**SCHEDULING CONFERENCE**<br>**DATE:** APRIL 16, 2009<br>**TIME:** 8:30<br>**CTRM:** 10 |

Pursuant to Federal Rule of Civil Procedure 26(f), Central District Local Rule 26-1, and this Court's March 4, 2009 Order, counsel for Plaintiff PAULA PETRELLA ("Plaintiff" or "Petrella") and defendants METRO-GOLDWYN-MAYER INC. (erroneously sued as "METRO-GOLDWYN-MAYER, INC."), METRO-GOLDWYN-MAYER STUDIOS INC. (erroneously sued as "METRO-GOLDWYN-MAYER STUDIOS, INC."), METRO-GOLDWYN-MAYER HOME ENTERTAINMENT LLC (erroneously sued as "METRO-GOLDWYN-MAYER HOME ENTERTAINMENT, LLC"), MGM HOME ENTERTAINMENT DISTRIBUTION CORP. (erroneously sued as "METRO-GOLDWYN-MAYER HOME ENTERTAINMENT DISTRIBUTION CORPORATION"), UNITED ARTISTS CORPORATION, TWENTIETH CENTURY FOX HOME ENTERTAINMENT LLC (erroneously sued as "20TH CENTURY FOX HOME ENTERTAINMENT, LLC") (collectively "Defendants") held an early meeting of counsel on March 26, 2009. Plaintiff and Defendants respectfully submit the Joint Rule 26(f) report.

**1.  Scheduling Issues**

Plaintiff's Proposed Schedule:

| | |
|---|---|
| Deadline to Add Parties or Claims | July 1, 2009 |
| Fact Discovery Cutoff | August 1, 2009 |
| Deadline for Expert Disclosures | August 11, 2009 |
| Deadline for Rebuttal Expert Disclosures | September 3, 2009 |
| Last Day to Hold Expert Depositions | September 10, 2009 |
| Last Day to Hear Dispositive Motions | September 30, 2009 |
| Last Day to Hear Pre-Trial Motions | September 30, 2009 |
| Final Pre-Trial Conference | October 26, 2009 |
| Trial | November 9, 2009 |

Defendants' Proposed Schedule:

Deadline to Add Parties or Claims             June 10, 2009

Defendants propose the following schedule for the liability phase:

| | |
|---|---|
| Fact Discovery Cutoff | September 11, 2009 |
| Deadline for Expert Disclosures | September 18, 2009 |
| Deadline for Rebuttal Expert Disclosures | October 2, 2009 |
| Last Day to Hold Expert Depositions | October 16, 2009 |
| Last Day to Hear Dispositive Motions | November 30, 2009 |

Defendants propose the following schedule for the damages phase, if such phase is needed:

| | |
|---|---|
| Fact Discovery Cutoff: | March 26, 2010 |
| Deadline for Expert Disclosures: | April 2, 2010 |
| Deadline for Rebuttal Expert Disclosures: | April 16, 2010 |
| Last Day to Hold Expert Depositions: | April 30, 2010 |
| Last Day to Hear Pre-Trial Motions | May 31, 2010 |
| Final Pre-Trial Conference | June 17, 2010 |
| Trial | June 29, 2010 |

**2.  Discovery Method**

At present, Defendants believe that discovery should be conducted in phases. There are substantial issues regarding liability that will undoubtedly be decided as a matter of law by the Court. Defendants believe that these issues should be addressed

3

prior to engaging in costly and likely unnecessary discovery regarding revenues and expenses for an indeterminate period of time, relating to the film, Raging Bull (the "Film"). This is especially true as the Film has been in distribution for nearly thirty years, and there are at least three independent reasons that Plaintiff's liability claims fail: First, Plaintiff does not sufficiently allege, and cannot prove, any substantial similarity (as is required for a copyright infringement claim) between the works allegedly owned by Plaintiff and the Film. Second, Jake LaMotta was a joint author of the book which Plaintiff alleges is being infringed by the Film. LaMotta, however, assigned the motion picture rights in the underlying work to the Defendants (through their predecessors in interest). Defendants retain LaMotta's rights and stand in the shoes of LaMotta as a co-author of the book. A copyright claimant cannot sue a co-author for copyright infringement and, because Defendants own at least one-half of the rights to exploit the book, Defendants cannot be sued for infringement. Finally, this lawsuit is barred by the doctrine of laches because this claim is prejudicially stale. In fact, Peter Petrella's heirs asserted the same claim (but did not file a lawsuit) approximately ten years ago. This unreasonable and prejudicial delay requires that Plaintiff's suit be dismissed. It would be much more efficient for these dispositive issues to be addressed and resolved by the Court before any "damages" discovery relating to the Film's revenues (which inevitably entails both costly document production and expert accounting witnesses) occurs in this action.

      Plaintiffs do not believe that discovery should be conducted in phases. Plaintiff is opposed to bifurcation because Plaintiff cannot engage in any meaningful settlement discussion until Plaintiff has at least some information summarizing Defendants' income and profits from the infringing work. Further, Plaintiff disagrees with Defendants' above arguments that Plaintiffs' claims for liability fail. Moreover, as the parties have not yet exchanged initial disclosures or engaged in any

4

form of discovery, Defendants are not in a position to opine as to the strength or weakness of Plaintiff's ability to establish liability.

### 3. Discovery Plan

Plaintiff intends to serve requests for admission, interrogatories, and document requests. Plaintiff will need to take depositions of Defendants' employees and representatives and, potentially, third parties. Defendants intend to serve requests for admission, interrogatories, and document requests. Defendants will need to take depositions of Plaintiff and potentially, third parties, including Jake LaMotta.

### 4. Trial Estimate

The parties estimate that trial will last five to seven days.

### 5. Settlement

The parties have not engaged in substantive settlement discussions to date. However, the parties have agreed to Settlement Procedure No. 1 (mediation before Magistrate Judge Nagle). The parties have agreed to attend an early mediation in an effort to resolve this matter expeditiously.

### 6. Complex Case

The parties agree that this is not a complex matter.

### 7. Additional Parties

The parties do not currently anticipate joining any additional parties. However, should additional defendants be identified during discovery, Plaintiff reserves the right to additional parties based upon newly discovered evidence.

### 8. Contemplated Motions

Plaintiffs intend to file a motion for leave to amend the complaint in this action. Defendants intend to file a motion for summary judgment based on the issues raised above in Section 2.

### 9. Unusual Legal Issues

The parties do not foresee any unusual legal issues presented by this case.

5
JOINT RULE 26(F) REPORT                    Case No. CV 09-0072 GW (MANx)

**10.    Severance, Bifurcation, and Order of Proof**

Plaintiff does not believe that severance or bifurcation of any issue is necessary in this action.

Defendants request that discovery in this action be bifurcated, so that defendants can make a summary judgment on liability prior to the taking of discovery on damages.

**11.    Expert Witnesses**

Except as otherwise provided above, the parties do not, at present, anticipate any need to provide for expert scheduling rules any different than those specified in Rule 26(a)(2)(c).

**12.    Rule 26(f)(1) Arrangement for Disclosures Required by Rule 26(a)(1)**

Pursuant to Federal Rule of Civil Procedure 26(a), and by agreement of the parties, initial disclosures will be exchanged by April 9, 2009.

**13.    Rule 26(f)(2) Subjects on Which Discovery May Be Needed**

The parties anticipate that discovery will encompass the following topics:

a.    The creation of the copyrights at issue in this matter including "The Raging Bull" screenplays, book and Film (collectively of "The Works").

b.    The nature and extent of any and all commercial exploitations and/or dissemination of The Works.

c.    The delay in filing this lawsuit and the reasons, if any, Plaintiff did not file suit until 2009 based on a claim that allegedly arose in 1991.

d.    The similarities between The Works.

e.    Any contracts related to the ownership and dissemination of The Works.

///

///

///

f.    Defendants' profits from the Film.[1]

g.    Any damages sustained by Plaintiff as result of the alleged infringement at issue.

The parties anticipate that additional subjects may arise during the course of discovery and hereby reserve the right to augment the subjects listed above.

**14.    Rule 26(f)(3) Discovery of Electronically Stored Information**

For the time being, the parties agree to produce documents in hard copy form. If either party has voluminous records responsive to discovery requests, or if discovery is needed in different formats, the parties will discuss the form of production at that point. The parties agree to consider providing documents in their native format if the discovery requested is voluminous and/or production in hard copy format is impracticable for the producing party.

**15.    Rule 26(f)(5) Proposed Changes to Discovery Limitations**

Except as otherwise provided above, there are no proposed changes to the existing discovery limitations other than those proposed herein.

**16.    Rule 26(f)(6) Other Orders the Court Should Enter**

The parties intend to stipulate to a protective order governing confidential information to be exchanged in discovery. To the extent that financial information regarding the parties' businesses, revenues or profits are exchanged, such information is competitively sensitive and confidential and will be the subject of confidentiality pursuant to the parties' stipulated protective order.

Dated: April 2, 2009        LOEB & LOEB LLP
                                      DAVID GROSSMAN

                                        By: */s/ David Grossman*
                                                David Grossman
                                                Attorneys for Defendant

---

[1] Defendants do not agree that any damages discovery should be conducted until the liability issues have been resolved.

| | |
|---|---|
| 1  Dated: April 2, 2009 | KULIK, GOTTESMAN, MOUTON & SIEGEL, LLP |
| 2 | GLEN L. KULIK |
| 3 | ALISA S. EDELSON |
| 4 | By: /s/ *Alisa S. Edelson* |
| 5 | Alisa S. Edelson<br>Attorneys for Plaintiff |