FILED

1   Glen Kulik, Esq. (SBN 82170) (gkulik@kgmslaw.com)
    Alisa S. Edelson (SBN 216269) (aedelson@kgmslaw.com)
2   **KULIK, GOTTESMAN, MOUTON & SIEGEL, LLP**   2009 MAY 22  PM 3: 13
    15303 Ventura Boulevard, Suite 1400
3   Sherman Oaks, California 91403                 CLERK U.S. DISTRICT COURT
    Telephone:  (310) 557-9200; (818) 817-3600        CENTRAL DIST. 0  CALIF.
4   Facsimile:   (310) 557-0224                            LOS ANGELES

                                                      BY_____
5   Attorneys for Plaintiff,
    PAULA PETRELLA
6

7

8                  UNITED STATES DISTRICT COURT

9          FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11  PAULA PETRELLA, an individual,      CASE NO.   CV 09-0072 GW (MANx)

12          Plaintiff,

13       v.

14  METRO-GOLDWYN-MAYER, INC., a        **FIRST AMENDED COMPLAINT**
    corporation; METRO-GOLDWYN-         **FOR COPYRIGHT**
15  MAYER STUDIOS, INC., a corporation; **INFRINGEMENT, UNJUST**
    METRO-GOLDWYN-MAYER HOME            **ENRICHMENT, AND DEMAND**
16  ENTERTAINMENT, LLC, a limited       **FOR ACCOUNTING**
    liability company; METRO-GOLDWYN-
17  MAYER HOME ENTERTAINMENT
    DISTRIBUTION CORPORATION, a         [DEMAND FOR JURY TRIAL]
18  corporation; UNITED ARTISTS
    CORPORATION, a corporation;         Complaint filed: January 6, 2009
19  20TH CENTURY FOX HOME               Trial Date: January 19, 2010
    ENTERTAINMENT, LLC, a limited
20  liability company; and DOES 1 through
    10, inclusive,
21
            Defendants.
22

23

24

25

26

27

28

1    Plaintiff alleges:

2        1.    This is a civil action for damages and injunctive relief in which it is

3    alleged Defendants have committed, and continue to commit, copyright

4    infringement in connection with their unauthorized exploitation of a motion picture

5    entitled "Raging Bull," which is derived from Plaintiff's copyrighted screenplays

6    and book of the same name.

7    **JURISDICTION AND VENUE**

8        2.    This action arises under Section 501 of the Copyright Act, 17 U.S.C.,

9    § 501.  The Court has jurisdiction over the subject matter of this action pursuant to

10   17 U.S.C. § 501 and 28 U.S.C. §§ 1331, 1332 and 1338(a), and supplemental

11   jurisdiction under 28 U.S.C. §§ 1367(a) and 1338(a), (b).

12       3.    Defendants, and each of them, are subject to the personal jurisdiction of

13   this Court in that each Defendant has done substantial and continued business, and

14   continues to do substantial and continuous business in the state of California and has

15   invoked the rights, benefits and privileges of California law.

16       4.    Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c).

17   **THE PARTIES**

18       5.    Plaintiff Paula Petrella is an individual residing in the County of Los

19   Angeles, State of California.  She is the present owner of the copyrighted written

20   works which are the subject of this action.

21       6.    Defendant Metro-Goldwyn-Mayer, Inc. ("MGM") is a Delaware

22   corporation with its principal place of business located in the County of Los

23   Angeles, State of California.

24       7.    Defendant Metro-Goldwyn-Mayer Studios, Inc. ("MGM Studios") is a

25   Delaware corporation with its principal place of business located in the County of

26   Los Angeles, State of California.

27       8.    Defendant Metro-Goldwyn-Mayer Home Entertainment, LLC ("MGM

28   Home") is a Delaware limited liability company with its principal place of business

1

FIRST AMENDED COMPLAINT                              CASE NO.  CV 09-0072 GW (MANX)

1 located in the County of Los Angeles, State of California. Upon information and

2 belief, Plaintiff alleges MGM Home is a wholly owned subsidiary of MGM or

3 MGM Studios that distributes motion pictures released on VHS cassettes, DVDs,

4 laser discs and/or Blu-ray discs.

5        9.    Defendant Metro-Goldwyn-Mayer Home Entertainment Distribution

6 Corporation ("MGM Distribution") is a Delaware limited liability company with its

7 principal place of business located in the County of Los Angeles, State of California.

8 Upon information and belief, Plaintiff alleges MGM Distribution is a wholly owned

9 subsidiary of MGM or MGM Studios that distributes motion pictures released on

10 VHS cassettes, DVDs, laser discs and/or Blu-ray discs.

11       10.    Defendant United Artists Corporation ("UA") is a Delaware

12 corporation with its principal place of business located in the County of Los

13 Angeles, State of California. Upon information and belief, Plaintiff alleges UA is a

14 wholly owned subsidiary of MGM or MGM Studios.

15       11.    Defendant 20th Century Fox Home Entertainment LLC ("Fox") is a

16 Delaware corporation with its principal place of business located in the County of

17 Los Angeles, State of California. Upon information and belief, Plaintiff alleges Fox

18 distributes and/or assists MGM Home and/or MGM Distribution in the distribution

19 of motion pictures released on VHS cassettes, DVDs, laser discs and/or Blu-ray

20 discs.

21       12.    The true names and capacities, whether individual, corporate, or

22 otherwise, of Defendants sued as Does 1 through 10 are unknown to Plaintiff, who,

23 therefore, sue them by such fictitious names. At such time as their true names and

24 capacities have been ascertained, Plaintiff will seek leave of the Court to amend this

25 Complaint accordingly. In information and belief, Plaintiff alleges that each of Does

26 1 through 10 are liable to Plaintiff in connection with one or more claims sued upon

27 here and are responsible in some manner for the wrongful acts and conduct alleged

28 here.

2

FIRST AMENDED COMPLAINT                    CASE NO. CV 09-0072 GW (MANX)

1    13.    At all times mentioned in this Complaint each Defendant was the agent,
2    servant, and employee of each other Defendant, acting within the course and scope
3    of his, her or its agency, partnership and/or employment with the other, and with full
4    knowledge, consent and ratification of each other Defendant.

5                                    **GENERAL ALLEGATIONS**
6    **Plaintiff's Copyrighted Works: "The Raging Bull" Screenplays and Book.**

7    14.    Frank Salvatore Petrella ("Frank Petrella") and Jake LaMotta
8    ("LaMotta") were childhood friends who grew up together in the Bronx, New York.
9    They remained close friends until Frank Petrella passed away in 1981.

10    15.    In or about 1963, Frank Petrella, under the pseudonym "Frank Peter
11    Petrella," wrote a screenplay about LaMotta's life as a champion boxer and the
12    friendship between Frank Petrella and LaMotta entitled "The Raging Bull, Jake
13    LaMotta; or The Ice Pick and The Glove" ("1963 Screenplay").

14    16.    Frank Petrella registered a copyright in and to the 1963 Screenplay in
15    the name of "Frank Peter Petrella" with the United States Copyright Office on
16    October 9, 1963.

17    17.    In or about 1970, Frank Petrella, under the pseudonym "Peter Savage,"
18    along with LaMotta and Joseph Carter ("Carter"), wrote a book entitled "Raging
19    Bull:  My Story" (the "Book").

20    18.    A copyright in and to the Book was registered in or about July 1970.

21    19.    In or about 1973, Frank Petrella, under the pseudonym "Emmett
22    Clary," wrote a second screenplay entitled "The Raging Bull" ("1973 Screenplay").

23    20.    Frank Petrella registered a copyright in and to the 1973 Screenplay
24    under the name "Frank Peter Petrella a/k/a Peter Savage" in or about July 1973.

25    **Assignment of Plaintiff's Copyrighted Works and Release of Motion Picture**

26    21.    Pursuant to a written agreement dated November 19, 1976
27    ("Agreement"), Frank Petrella assigned his right, title and interest in the 1963
28    Screenplay, the 1973 Screenplay, and the Book to Chartoff-Winkler Productions,

                                              3

1    Inc. ("CWP").  Pursuant to the Agreement, LaMotta also assigned his rights, title
2    and interest in the Book to CWP.

3          22.    LaMotta and Frank Petrella entered into the Agreement with CWP for
4    purposes of developing a motion picture based on these copyrighted works starring
5    Robert Deniro and directed by Martin Scorsese.

6          23.    On or about October 15, 1977, Frank Petrella entered into a second
7    written agreement with CWP whereby Frank Petrella agreed to provide services in
8    connection with development of a film which was to include assisting Robert
9    DeNiro in training to be a fighter for the motion picture and providing production
10   services.  Frank Petrella ultimately provided such services and was credited as a
11   producer of the motion picture "Raging Bull."

12         24.    Upon information and belief, Plaintiff alleges UA acquired the motion
13   picture rights to "Raging Bull" pursuant to a written assignment whereby CWP
14   assigned all of its rights, interest and title to the 1963 Screenplay, 1973 Screenplay,
15   and the Book to UA sometime in or about September 1978.

16         25.    In or about September 1980, UA registered a copyright in and to the
17   motion picture entitled "Raging Bull" ("Motion Picture").

18         26.    In or about November 1980, UA released in theaters the Motion Picture
19   starring Robert DeNiro and directed by Martin Scorsese.  The Motion Picture is
20   based on the 1963 Screenplay, 1973 Screenplay, and the Book and as such is a
21   derivative work pursuant to 17 U.S.C. § 106.

22         27.    The Motion Picture was nominated for eight Academy Awards and won
23   two Academy Awards for best actor and best film editing. It is frequently
24   acknowledged by film societies and critics as one of the greatest films ever
25   produced.

26   **Reversion of Rights in Copyrighted Works to Frank Petrella's Heirs**

27         28.    Frank Petrella died in December 1981 during the original term of the
28   copyrights for the 1963 Screenplay, 1973 Screenplay, and the Book.  At the time of

4

FIRST AMENDED COMPLAINT                          CASE NO.  CV 09-0072 GW (MANX)

1  his death, Frank Petrella was survived by his wife Eleanor Petrella, his son Peter E.

2  Petrella, and his daughter Paula Petrella (Plaintiff). Frank Petrella left his literary

3  properties (including the 1963 Screenplay, 1973 Screenplay, and the Book) to his

4  wife Eleanor Petrella and his children.

5      29.    By virtue of the death of Frank Petrella during the original copyright

6  periods of the 1963 Screenplay, 1973 Screenplay and the Book, the renewal rights in

7  such written works were deemed to be owned by Frank Petrella's heirs under the

8  holding of the United States Supreme Court in *Stewart v. Abend*, 495 U.S. 207

9  (1990). Under the holding of that case, when an author dies before a copyright

10  renewal period arrives his successors are entitled to the renewal rights even though

11  the author previously assigned such rights to another party. Thus, the copyrights in

12  all three works were eventually renewed in the name of Frank Petrella's heirs

13  including Plaintiff.

14      30.    Eleanor Petrella died in January 2005. She left her estate including her

15  interest in Frank Petrella's literary properties to Peter E. Petrella and Paula Petrella

16  (Plaintiff), and the latter became administrator of her mother's estate.

17      31.    Subsequently, Peter E. Petrella assigned to Plaintiff all of his right, title

18  and interest (including the current copyrights) in and to the 1963 Screenplay, 1973

19  Screenplay, and the Book.

20      32.    Plaintiff owns all rights, titles and interests in and to the 1963

21  Screenplay and the 1973 Screenplay as well as the Book subject to Jake LaMotta's

22  interest as a joint author of the Book.

23  **Infringement of Plantiff's Copyrighted Works**

24      33.    Beginning in or about 1993, Defendants released the Motion Picture for

25  reproduction, marketing, distribution and sale in the form of laser discs. Upon

26  information and belief, Plaintiff alleges Defendants continue to sell these laser discs

27  as of this date.

28

5

34.     Beginning in or about May 1996 and continuing to this date, Defendants released the Motion Picture for reproduction, marketing, distribution and sale in the form of VHS cassettes.

35.     Beginning in or about January 2000 and continuing to this date, Defendants released the Motion Picture for reproduction, marketing, distribution and sale in the form of DVDs.  Defendants have sold and distributed the Motion Picture as a single disc edition and two disc special edition set ("Special Edition DVDs") (collectively "DVDs").   The DVDs have also been sold as part of DVD box sets including but not limited to such box sets entitled "UA 90th Anniversary Prestige Collection," "The Martin Scorsese Film Collection,"  "Sports Gift Set," and "The Ultimate Sports Gift Set."

36.     Defendants have made the Special Edition DVDs available for purchase on the website located at www.ragingbulldvd.com.  MGM Studios owns the domain name "ragingbulldvd.com."

37.     Beginning in or about February 2009 and continuing to this date, Defendants released the Motion Picture for reproduction, marketing, distribution and sale in the form of Blu-ray discs.

38.     Upon information and belief, Plaintiff alleges Defendants have also marketed, produced, copied, released, and distributed the Motion Picture on VHS cassettes, DVDs, laser discs, and Blu-ray discs for purchase in English and foreign languages in the United States and other countries including Canada.

39.     Defendants continue to license the Motion Picture to air on television from time to time and continue to exploit the Motion Picture in other ways all to their advantage and profit.

## CLAIMS FOR RELIEF

### COUNT I

### (Against All Defendants for Copyright Infringement)

40.     Plaintiff realleges and incorporates by reference paragraphs 1 through

6

1    39 inclusive, as though fully set forth herein.

2        41.    Plaintiff is the owner of all rights, titles, and interests, including the

3    copyrights, in and to the 1963 Screenplay and the 1973 Screenplay as well as the

4    Book subject to LaMotta's divisible interest as a joint author.

5        42.    Plaintiff has registered her ownership of the 1963 Screenplay, 1973

6    Screenplay, and the Book with the United States Copyright Office.

7        43.    The Motion Picture is based on and a derivative work of the 1963

8    Screenplay, 1973 Screenplay, and the Book.  In turn, the Book and 1973 Screenplay

9    are based on and derivative works of the 1963 Screenplay.

10       44.    Plaintiff has the exclusive right to prepare derivative works based upon

11   the copyrighted works the 1963 Screenplay and 1973 Screenplay as well as the Book

12   subject to LaMotta's divisible interest as a joint author.

13       45.    At no time has Plaintiff authorized Defendants, or any of them, to

14   republish, create, release, distribute derivative works or otherwise exploit all or any

15   portion of the 1963 Screenplay, 1973 Screenplay, and the Book subject to Jake

16   LaMotta's divisible interest as a joint author in connection with the copying, sale

17   and distribution of the laser discs, VHS cassettes, DVDs, or Blu-ray discs or the

18   licensing of the Motion Picture for airing on television and in other mediums.

19       46.    Defendants' copying, use, modification, production, and distribution of

20   elements of the 1963 Screenplay, 1973 Screenplay, and the Book subject to

21   LaMotta's divisible interest as a joint author, including without limitation, the plot,

22   text, ideas, theme, expression of concepts contained therein and any and all

23   derivatives thereof, constitutes a violation of 17 U.S.C. §§ 106 and 501.

24       47.    Pursuant to Defendants' participation in the copying, use, modification,

25   production, release, and/or distribution of the Motion Picture in the form of VHS

26   cassettes, laser discs, DVDs, or Blu-ray discs, Defendants knowingly and willfully

27   infringed and will continue to infringe Plaintiff's copyrights in the 1963 Screenplay,

28   1973 Screenplay, and the Book subject to LaMotta's divisible interest as a joint

1  author.

2      48.    Plaintiff is entitled to recover from Defendants the damages sustained

3  as a direct and proximate result of Defendants' acts of copyright infringement within

4  the limitations period prescribed by law.  Plaintiff is at present unable to ascertain

5  the full extent of the monetary damage she has suffered by reason of Defendants'

6  acts of copyright infringement, but Plaintiff is informed and believes, and on the

7  basis of such information and belief alleges, that Plaintiff has sustained such damage

8  in an amount exceeding $1,000,000.

9      49.    Plaintiff is further entitled to recover from Defendants the gains, profits

10  and advantages they have obtained as a result of Defendants' acts of copyright

11  infringement.  Plaintiff is at present unable to ascertain the full extent of the gains,

12  profits and advantages Defendants have obtained by reason of their acts of copyright

13  infringement, but Plaintiff is informed and believes, and on the basis of such

14  information and belief alleges, that Defendants have obtained such gains, profits and

15  advantages in an amount exceeding $1,000,000.

16      50.    Plaintiff is also entitled to injunctive relief under the Copyright Act in

17  order to restrain future acts of copyright infringement by Defendants.

## COUNT II

### (Against All Defendants for Unjust Enrichment)

20      51.    Plaintiff realleges and incorporates by reference paragraphs 1 through

21  31 and 33-39 as though fully set forth herein.

22      52.    Plaintiff is a co-owner of all rights, titles, and interests, including the

23  copyrights, in and to the Book.

24      53.    Plaintiff has registered her ownership of the Book with the United

25  States Copyright Office.

26      54.    Defendants claim to be a co-owner with Plaintiff of all rights, titles and

27  interests, including the copyrights, in and to the Book pursuant to the written

28  assignments by LaMotta and CWP.

FIRST AMENDED COMPLAINT                    CASE NO.  CV 09-0072 GW (MANX)

1    55.    The Motion Picture is based on and is a derivative work of the Book.

2    56.    If Plaintiff and Defendants are deemed to be co-owners, they share the

3    right to prepare derivative works based upon the copyrighted Book.

4    57.    The conduct of Defendants, and each of them, in selling and continuing

5    to sell the Motion Picture in various formats including, but not limited to, laser discs,

6    VHS cassettes, DVDs, and Blu-ray discs has secured, and will secure, value to

7    Defendants which unjustly enriches  and benefits Defendants to Plaintiff's

8    detriment.

9    58.    To accomplish justice and equity, Defendants should be forced to

10   disgorge any amount of money unjustly earned or retained by Defendants owed to

11   Plaintiff in her capacity as a co-owner of the Book.

12                              **COUNT III**

13              **(Against All Defendants for Demand for Accounting)**

14   59.    Plaintiff realleges and incorporates by reference paragraphs 1 through

15   31, 33-39, and 52-58, as though fully set forth herein.

16   60.    As alleged herein, Defendants are obligated to accurately and fully

17   account to Plaintiff as the other co-owner of the Book for all monies derived from

18   the sale of the Motion Picture as a derivative work of the Book.

19   61.    The amount of money due from Defendants is unknown to Plaintiff and

20   cannot be ascertained without an accounting of Defendants' financial records related

21   to Defendants' unlawful activities arising out of the sale, licensing and/or

22   distribution of the Motion Picture.

23   62.    As a result of Defendants' unlawful conduct, Plaintiff has been

24   damaged in an amount to be proven after an accounting has been conducted.

25                          **PRAYER FOR RELIEF**

26   WHEREFORE, Plaintiff prays for judgment as follows:

27   As to Count I:

28   1.    For Plaintiff's damages derived by Defendants from their copyright

9

1    infringement believed to exceed $1,000,000 according to proof;

2         2.    For attorneys' fees and costs pursuant to Section 505 of the Copyright

3    Act of 1976, 17 U.S.C. § 505;

4         3.    Prejudgment interest;

5         4.    A cancellation of the copyright ownership in and to the Motion Picture

6    by any Defendant;

7         5.    A transfer of copyright ownership in and to Motion Picture to Plaintiff;

8         6.    For interim and permanent injunctive relief restraining future violations

9    of Plaintiff's copyrights;

10   As to Count II:

11        7.    General and special damages in an amount believed to exceed

12   $1,000,000 according to proof;

13        8.    Upon a determination of the sum due to Plaintiff, demand is made that

14   such sum be paid to Plaintiff;

15        9.    Interests at the maximum legal rate from the date said sums were due;

16   As to Count III:

17        10.   A full and complete accounting from Defendants of the sums of money

18   derived by Defendants, directly and/or indirectly, in connection with the sale,

19   licensing and/or distribution of the Motion Picture including, without limitation, to

20   the sale of the Motion Picture in various formats such as laser discs, VHS cassettes,

21   DVDs, and Blu-ray discs in order to determine the amount owed to Plaintiff;

22        11.   Interests at the maximum legal rate from the date said sums were due;

23   and

24   ///

25

26

27

28

As to All Counts:

12.    For such other and further relief as the Court deems just and appropriate.

Dated: May 22, 2009                KULIK, GOTTESMAN, MOUTON & SIEGEL, LLP

By: _____
        Glen L. Kulik
        Alisa S. Edelson
        Attorneys for Plaintiff PAULA PETRELLA

FIRST AMENDED COMPLAINT                    CASE NO.  CV 09-0072 GW (MANX)

1

## DEMAND FOR JURY TRIAL

2          Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Paula

3   Petrella hereby demands a trial by jury on all issues raised by the pleadings in this

4   case.

5

6   Dated:  May 22, 2009            KULIK, GOTTESMAN, MOUTON & SIEGEL, LLP

7

8                                   By _____

9                                      Glen L. Kulik
                                       Alisa S. Edelson
10                                     Attorneys for Plaintiff PAULA PETRELLA

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

12

FIRST AMENDED COMPLAINT                          CASE NO.  CV 09-0072 GW (MANX)

1   ***Paula Petrella v. Metro-Goldwyn-Mayer, Inc. et al.***
    **USDC, Central Case No. CV 09-0072 GW (MANx))**

2
    **STATE OF CALIFORNIA** )
3                                                       **ss**
    **COUNTY OF LOS ANGELES** )
4
                       **PROOF OF SERVICE**
5
          I, Angela Ponce, declare:
6
          I am employed in the County of Los Angeles, State of California. I am over the age of 18,
7   and am not a party to the within action; my business address is 15303 Ventura Boulevard, Suite
    1400, Sherman Oaks, CA 91403.
8
          On May 22, 2009, I served the foregoing document described as:
9
    **FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT, UNJUST**
10                **ENRICHMENT, AND DEMAND FOR ACCOUNTING**
11
    on all interested parties by enclosing a true copy thereof in an envelope which was then sealed and
12  addressed to each as follows:
13                  **PLEASE SEE SERVICE LIST BELOW**

14   **X**   **BY MAIL:** -- I placed such envelope(s) for collection and mailing pursuant to the
            ordinary business practices of this firm on the above-referenced date. I am "readily
15          familiar" with the firm's practice for collection and processing correspondence for mailing.
            Under that practice, correspondence is deposited with the U.S. Postal Service at Sherman
16          Oaks, California, with first-class postage prepaid on the same day that it is placed for
            collection and mailing.
17

18   ___    **BY FACSIMILE:** -- I caused the above-entitled document to be sent via facsimile to the
            office of the addressee on the above-referenced date.
19
20   ___    **BY OVERNIGHT DELIVERY:** [C.C.P. § 1013(c) I caused such envelope to be
            deposited with Federal Express for next day delivery to the office of the addressee shown
21          above.

22   ___    **BY ELECTRONIC TRANSMISSION:** -- I served a copy by electronic transmission to
    the email address for the addressee(s) set forth above on this date before 5:00 p.m.
23
24         Executed on May 22, 2009, at Sherman Oaks, California.

25   **X**   **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court
    at whose direction the service was made.
26
27   ___Angela Ponce___
    Name                                      Signature
28

    {00115926.DOC}                          1
                       **PROOF OF SERVICE**

1

## SERVICE LIST

2

3

| David Grossman, Esq. | Jonathan Zavin, Esq. |
|---|---|
| Robert J. Catalano, Esq. | **LOEB & LOEB LLP** |
| **LOEB & LOEB LLP** | 345 Park Avenue |
| 10100 Santa Monica Boulevard, Suite 2200 | New York, NY 10154 |
| Los Angeles, CA 90067 | Telephone: (212) 407-4000 |
| Telephone: (310) 282-2000 | Fax: (212) 407-4990 |
| Fax: (310) 282-2200 | jzavin@loeb.com |
| dgrossman@loeb.com | **Attorney for Defendants** |
| rcatalano@loeb.com | |
| **Attorney for Defendants** | |

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

{00115926.DOC}

2