Glen Kulik, Esq. (SBN 82170) (gkulik@kgmslaw.com)
Alisa S. Edelson (SBN 216269) (aedelson@kgmslaw.com)
**KULIK, GOTTESMAN, MOUTON & SIEGEL, LLP**
15303 Ventura Boulevard, Suite 1400
Sherman Oaks, California 91403
Telephone:  (310) 557-9200; (818) 817-3600
Facsimile:   (310) 557-0224

Attorneys for Plaintiff

DAVID GROSSMAN (SBN 211326)
dgrossman@loeb.com
**LOEB & LOEB LLP**
10100 Santa Monica Boulevard, Suite 2200
Los Angeles, California 90067-4120
Telephone:  310-282-2000
Facsimile:   310-282-2200

Attorneys for Defendants

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAULA PETRELLA, an individual, | Case No.  CV 09-0072 GW (MANx) |
| Plaintiff, | |
| v. | |
| METRO-GOLDWYN-MAYER, INC., a corporation; METRO-GOLDWYN-MAYER STUDIOS, INC., a corporation; METRO-GOLDWYN-MAYER HOME ENTERTAINMENT, LLC, a limited liability company; METRO-GOLDWYN-MAYER HOME ENTERTAINMENT DISTRIBUTION CORPORATION, a corporation; UNITED ARTISTS CORPORATION, a corporation; 20TH CENTURY FOX HOME ENTERTAINMENT, LLC, a limited liability company; and DOES 1 THROUGH 10, inclusive, | **JOINT STIPULATION REGARDING CONFIDENTIALITY OF DOCUMENTS AND INFORMATION**<br><br>*(See Court Modification of ¶ 13)*<br><br>Complaint filed:  January 6, 2009<br>Trial Date:  January 19, 2010 |
| Defendants. | |

{00117626.DOC}

**IT IS HEREBY STIPULATED AND AGREED**, by and among the parties identified hereunder, that:

1.      This Protective Order governs information given or received through testimony, depositions and/or discovery involved in this action regardless of the origin of such information and regardless of the receipt of such information.  In particular, the Parties will be producing certain documents deemed by the parties to be confidential, proprietary and/or trade secret information.  The provisions of this Protective Order shall apply to the parties to this action, and any other person producing, receiving, or disclosing material in this action who agrees to be bound by the terms of this Stipulation and Order.

2.      The parties to this Protective Order are: (a) plaintiff Paula Petrella represented by her attorney or attorneys who sign hereunder; and (b) defendants METRO-GOLDWYN-MAYER INC. (erroneously sued as "METRO-GOLDWYN-MAYER, INC."), METRO-GOLDWYN-MAYER STUDIOS INC. (erroneously sued as "METRO-GOLDWYN-MAYER STUDIOS, INC."), METRO-GOLDWYN-MAYER HOME ENTERTAINMENT LLC (erroneously sued as "METRO-GOLDWYN-MAYER HOME ENTERTAINMENT, LLC"), MGM HOME ENTERTAINMENT DISTRIBUTION CORP. (erroneously sued as "METRO-GOLDWYN-MAYER HOME ENTERTAINMENT DISTRIBUTION CORPORATION"), UNITED ARTISTS CORPORATION, TWENTIETH CENTURY FOX HOME ENTERTAINMENT LLC (erroneously sued as "20TH CENTURY FOX HOME ENTERTAINMENT, LLC") (collectively "Defendants"), represented by their attorney or attorneys who sign hereunder.  An individual or organization that ceases to be a party to this lawsuit is bound to adhere to all obligations arising under and all acts taken pursuant to this protective order prior to the time he, she or it ceases to be a party.

3.      The parties may produce during discovery information relating to revenues, profits and financials of the parties, information regarding corporate

strategy and other information which they in good faith believe contains or constitutes trade secrets or material non-public, competitively sensitive proprietary or confidential information ("Protected Material").  Protected Material is information which has not been made public and which concerns or relates to the processes, operations, or to the production, sales, shipments, purchases, transfers, identification of customers, inventories, amount or source of any income, profits, losses, or expenditures of any persons, firm, partnership, corporation, or other organization, the disclosure of which information may have the effect of causing harm to the competitive position of the person, firm, partnership, corporation, or to the organization from which the information was obtained.  The parties believe that secrecy pursuant to this Protective Order is in the public interest and that disclosure of Protected Material would cause serious harm, and desire that such information be protected from unnecessary dissemination.

4.     Any individual or organization, including but not limited to any party hereto, that produces information in connection with this case orally during testimony at depositions, in writing through the production of documents or otherwise during pre-trial proceedings which it reasonably believes to be confidential or private in nature may designate such information for protection hereunder, and the information so designated shall be subject to the provisions of this Protective Order.

5.     Protected Material may be designated by the party producing it as either: (a) "CONFIDENTIAL" or (b) "CONFIDENTIAL – ATTORNEYS EYES ONLY."

6.     Designation of Protected Material produced through documents or responses to written discovery shall be designated by a notice in writing placed on such a Protected Material when such Protected Material is produced.  Any party may designate documents or responses to written discovery as Protected Material at any time after production by serving all parties, through their counsel, with notification

of such designation provided that the documents or responses to written discovery are also designated as Protected Material.  Failure to designate Protected Material at the time of production shall not be deemed to waive any right to so designate or to preclude any later designation.  Upon receipt of notification of designation, counsel in possession of information or materials to be designated shall mark all such information and materials as directed by the designating party.  Inadvertent production of privileged materials shall not be deemed to have waived any privilege or immunity with respect to such production or with to other materials or information referred to in the materials produced.  The Receiving Party shall take reasonable steps to return the inadvertently produced documents identified and all copies thereof, and certify in writing that it has done so.

7.     This Protective Order applies to documents produced by a party or witness, responses to written discovery, including interrogatories, requests for admission and subpoenas, export reports, and deposition testimony and exhibits thereto ("Discovery Materials").  The term "Documents" is defined as every means of recording any form of communication or representation upon any tangible thing, including letters, words, pictures, sounds, or symbols, or combinations thereof, whether recorded by handwriting, printing, photostatic, or photographic means, magnetic impulse, tape, computer disk, CD-ROM or any other form of data storage, data compilation, or mechanical or electronic recording, and all other tangible things, including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained, which come within the meaning of "writing" contained in Rule 1001 of the Federal Rules of Evidence, or within the meaning of "document" or "tangible" contained in Rule 32 of the Federal Rules of Civil Procedure.

8.     A party ("Designating Party") may designate Discovery Materials, including those produced by third-party witnesses, as "Confidential" or "Confidential-Attorneys' Eyes Only" by:

a.  Stamping or inscribing on each page of the pertinent Discovery
Materials the words CONFIDENTIAL or CONFIDENTIAL-
ATTORNEYS' EYES ONLY.

b.  Designating portions of a deposition or deposition exhibits either
during the deposition or by written notice to the court reporter and
all counsel of record within twenty (20) business days after the
reporter sends the transcript or written notice that the transcript is
available for review.  The court reporter shall be instructed to
separately bind the confidential portion and to mark the caption
page of such portion CONFIDENTIAL or CONFIDENTIAL
ATTORNEYS' EYES ONLY.

c.  Notifying all counsel in this case in writing of designation of any
third-party Discovery Materials as CONFIDENTIAL or
CONFIDENTIAL ATTORNEYS' EYES ONLY within thirty
(30) days from the date the Designating Party has notice that the
Discovery Materials have been produced.

9.  Information and materials designated CONFIDENTIAL may only be
disclosed to the following individuals and, in turn, to no other individuals not
designated herein:

a.  The parties in this case;

b.  The Court, Court clerks, deposition and trial reporters, counsel
representing the parties in the above-captioned Case No. CV 09-
0072 GW (MANx), and paraprofessional and secretarial
employees of any of the above in this subsection;

c.  Independent consultants or experts retained by any party in this
case who are expected to testify at trial or employed by counsel in
order to assist in preparation for trial or for deposition;

1             d.    Third-party witnesses during the course of their depositions,

2    provided that (1) counsel for the designating party shall be

3    informed that the witness will be shown Confidential Information

4    before the designated information is shown to the witness and the

5    witness agrees to be bound by the terms of this Protective Order,

6    to give counsel for the designating party an opportunity to object,

7    and (2) if an objection to showing the witness is made, the

8    designated information shall not be shown to the witness until the

9    Court rules on the objection.

10   Copies may be made by or for the foregoing persons, provided that all copies are

11   appropriately marked.

12        10.   Information and materials designated CONFIDENTIAL-

13   ATTORNEYS' EYES ONLY may only be disclosed to:

14            a.    The Court, Court clerks, deposition and trial reporters, counsel

15   representing the parties in the above-captioned Case No. CV 09-

16   0072 GW (MANx), and paraprofessional and secretarial

17   employees of any of the above in this subsection;

18            b.    Independent consultants or experts retained by any party in this

19   case who are expected to testify at trial or employed by counsel

20   in order to assist in preparation for trial or for deposition;

21            c.    Third party witnesses during the course of their depositions,

22   provided that (1) counsel for the designating party shall be

23   informed that the witness will be shown Confidential Information

24   before the designated information is shown to the witness, to give

25   counsel for the designating party an opportunity to object, and (2)

26   if an objection to showing the witness is made, the designated

27   information shall not be shown to the witness until the Court

28   rules on the objection.

JOINT STIPULATION REGARDING                                    Case No.  CV 09-0072 GW (MANx)
CONFIDENTIALITY OF DOCUMENTS AND INFORMATION

Copies may be made by or for the foregoing persons, provided that all copies are appropriately marked.

11.   Before any information or materials designated CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY are disclosed to any independent consultants, experts or third party witnesses otherwise as allowed herein, such person or entity shall read this Order and sign the Agreement which is attached hereto as Exhibit "A."

12.   Protected Materials disclosed pursuant to this Protective Order shall be used for litigation purposes only and shall not be used for any business or other purpose whatsoever.

13.   Within thirty days of the conclusion of all proceedings involved in this litigation, all documents, deposition transcripts and other materials designated as Protected Materials***, except those in the Court files,*** shall be returned, destroyed or placed in sealed containers that shall not be opened except upon notice given to counsel by the party designating the Protected Materials, such notice to include a statement showing good cause of the opening of such sealed containers.  In the event that the materials are destroyed, the party destroying such materials shall also provide to the other party within the thirty-day period a sworn statement attesting to such destruction.  In the event that the materials are placed in sealed containers, the party placing such materials in sealed containers shall also provide to the other party within the thirty-day period a sworn statement attesting to such placement in sealed containers, including the materials placed and the location where such containers shall be stored.

14.   Protected Materials shall be so designated only on the basis of a reasonable, good faith belief that such materials are or should be so designated as containing private information or confidential, proprietary or commercial information.  If the Receiving Party wishes to challenge a Designating Party's designation of Discovery Materials as CONFIDENTIAL or CONFIDENTIAL-

ATTORNEYS' EYES ONLY, the Receiving Party shall give written notice to the Designating Party that it/she requests a redesignation or release of confidentiality, stating the basis for its/her request.  If the Designating Party fails to communicate in writing its/her refusal to release confidentiality within fifteen (15) days, the Designating Party shall be deemed to have refused and the parties shall meet and confer and attempt to resolve the matter without Court intervention.   Similarly, if a refusal is made or deemed made, the parties shall make a good faith effort to resolve the matter without Court intervention.  If a refusal is made and not resolved by the parties, the Receiving Party shall file, within fifteen (15) days of such written request for release, a motion with the Court in support of its/her request for redesignation or release of confidentiality in which the Receiving Party shall bear first the burden of showing its need for additional disclosure.  If the Receiving Party meets this burden, the burden shifts so that the Designating Party shall bear the burden of showing the appropriateness of the confidentiality designation.  If the Receiving Party fails to file a motion in the prescribed time, the Receiving Party shall be deemed to have withdrawn its objection.  Discovery Materials designated CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY shall be given the CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY treatment provided for in this Protective Order until the parties resolve the matter, the refusal to release confidentiality is withdrawn, or the Court orders re-designation of the Discovery Materials.   A failure to dispute a designation at the time information is produced or thereafter will not be deemed a waiver or preclude a party's right to designate or contest a designation at a later time

     15.    Any party seeking to file information or materials designated CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY with the Court shall file such material, in accordance with the requirements of Local Rule 79-5, in a sealed envelope or other container bearing the words CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY to be kept in a safe and secure

JOINT STIPULATION REGARDING                    Case No.  CV 09-0072 GW (MANx)
CONFIDENTIALITY OF DOCUMENTS AND INFORMATION

place and not in files open to public inspection.  The envelope or other container shall bear the title of the action and a statement substantially in the following form:

> "This envelope contains documents and/or information which are subject to a Stipulated Protective Order. This envelope is not to be opened except by the Court."

16.    The Protective Order shall not be construed to waive, preclude or prejudice any party in connection with an attempt by such a party to seek relief from or modification of the terms herein after notice to the other party.  This Protective Order shall not be construed to waive, preclude or prejudice any party in connection with an attempt by such party to seek additional protective orders by any means whatsoever or to seek any additional relief.

17.    The restrictions if this Protective Order shall not apply to information or materials that:

      a.     became or become public not in violation of this protective order;

      b.     are acquired by a party from a third party having the right to disclose such information or materials; or

      c.     are lawfully possessed by a party prior to disclosure by the producing party.

18.    Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action.  The entry of this Protective Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery or to object to a requested inspection of documents or things, and, except as expressly provided, shall not relieve any party of the obligation of the producing information in the course of discovery.

19.    The parties to this Stipulated Protective Order agree to cooperate in submitting it to the Court for entry and to be bound by its terms prior to such entry.

1    DATED:  May 6, 2009            KULIK, GOTTESMAN, MOUTON & SIEGEL, LLP

2

3                                   By  /s/ Alisa S. Edelson
                                        Glen L. Kulik, Esq.
4                                       Alisa S. Edelson, Esq.
5                                       Attorneys for Plaintiff

6

7

8    DATED:  May 6, 2009            LOEB & LOEB, LLP

9

10                                  By  /s/ David Grossman
                                        David Grossman, Esq.
11                                      Attorneys for Defendants

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **EXHIBIT A**

UNDERTAKING CONCERNING MATERIAL COVERED
BY PROTECTIVE ORDER ENTERED ON _____

     The undersigned hereby acknowledges that he/she has read the

PROTECTIVE ORDER entered by the court on _____ in the action

entitled <u>Paula Petrella v. Metro-Goldwyn-Mayer, Inc. et al.</u> filed in the United States

District Court for the Central District of California, Case No. CV 09-0072, that

he/she understands the terms thereof, and he/she agrees to be bound by such terms.


_____                    _____
Date                                       Signature

---

JOINT STIPULATION REGARDING                         Case No.  CV 09-0072 GW (MANx)
CONFIDENTIALITY OF DOCUMENTS AND INFORMATION